IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| FORD MOTOR COMPANY, ET AL. | § § § | |
| Plaintiffs, | § § | |
| VS. | § § | NO. 3-07-CV-2182-L |
| UNITED STATES AUTO CLUB, MOTORING DIVISION, INC. | § § § § | |
| Defendant. | § | |

**MEMORANDUM ORDER**

Defendant has filed a motion for protective order and to stay discovery in this civil action pending a ruling on its Rule 12(b)(6) motion to dismiss. In support of its request for a stay, defendant argues that a favorable ruling on the motion to dismiss "could entirely eliminate the need for a considerable amount of the discovery sought." (*See* Def. Mot. at 2). Defendant further argues that a stay will obviate the necessity of having to determine the propriety of interrogatories and document requests served by plaintiffs, many of which defendant believes are overly broad and unduly burdensome. Because the motion to dismiss has been fully briefed and is ripe for determination, defendant contends that a stay of all discovery is warranted.

A federal district court has discretion to stay discovery "for good cause shown." *Von Drake v. National Broadcasting Co.*, No. 3-04-CV-0652-R, 2004 WL 1144142 at *1 (N.D. Tex. May 20, 2004) (Kaplan, J.), *citing* Fed. R. Civ. P. 26(c). While discovery may be stayed pending the outcome of a motion to dismiss, "the issuance of [a] stay is by no means automatic." *Id.*, *quoting Spencer Trask Software and Information Services, LLC v. RPost International Limited*, 206 F.R.D. 367, 368 (S.D.N.Y. 2002). In fact, such a stay is the exception rather than the rule. *i2 Technologies*

*US Inc. v. Lanell*, No. 3-02-CV-0134-G, or. at 1 (N.D. Tex. May 6, 2002) (Kaplan, J.). As one court observed, "[h]ad the Federal Rules contemplated that a motion to dismiss under Fed. R. Civ. P. 12(b)(6) would stay discovery, the Rules would contain a provision to that effect." *Gray v. First Winthrop Corp.*, 133 F.R.D. 39, 40 (N.D. Cal. 1990).

The court declines to stay discovery merely because defendant believes it will prevail on its motion to dismiss. Although the magistrate judge cannot predict the outcome of the motion, it is significant to note that defendant does not seek dismissal of the entire case. Rather, the motion to dismiss is directed only to plaintiffs' claims for injunctive and declaratory relief related to toll-free numbers used by defendant to provide roadside assistance to customers of Ford Motor Company and Land Rover North America. The motion to dismiss does not address the other claims asserted by plaintiffs, including their claim for refunds allegedly owed by defendant upon the termination of the roadside assistance agreement. Nor is the court persuaded that discovery should be stayed because defendant objects to certain interrogatories and document requests. If plaintiffs wish to challenge the objections asserted by defendant, they may file an appropriate motion with the court after the parties comply with the Standing Order on Discovery Motions filed today.

For these reasons, defendant's motion for protective order and to stay discovery [Doc. #23] is denied.[1]

SO ORDERED.

---

[1] The Civil Justice Expense and Delay Reduction Plan adopted by this court provides that "[e]ach judge will continue to give priority to the monitoring and resolution of pending motions." Plan at § XI(2), *reprinted in* Texas Rules of Court--Federal at 284 (West Pamph. Supp. 2007). To eliminate undue delay and unnecessary expense to the parties in this and other civil actions, and because defendant has failed to establish "good cause" for staying discovery, the court decides the motion without a written response.

DATE: April 24, 2008.

JEFF KAPLAN
UNITED STATES MAGISTRATE JUDGE